UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES HARDY, JR., | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 3:25-cv-594 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| SHAWN PHILLIPS, | ) | Magistrate Judge Poplin |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM AND ORDER**

Petitioner, a state prisoner, filed (1) a pro se petition for habeas corpus relief under 28 U.S.C. § 2254 [Doc. 1] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 5]. On December 9, 2025, the Court entered an Order denying Petitioner's motion to proceed *in forma pauperis* and ordering Petitioner to pay the $5.00 filing fee within thirty (30) days of entry of the Order. [Doc. 6]. The Order also warned Petitioner that failure to comply with the Order would result in the dismissal of this action. [*Id.* at 1]. The deadline has passed, and Petitioner has not paid the filing fee or otherwise communicated with the Court.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action where a petitioner fails to comply with a court order. *See* Fed. R. Civ. P. 41(b); *see also Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to . . . comply with the Rules or any order of the court"). This Rule permits a court to effectively manage its own docket and avoid "unnecessary burdens on the tax-supported courts[.]" *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). Rule 41(b) applies in this action. *See* Rule 12, Rules Governing Section 2254 Cases ("The Federal Rules of Civil

Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied in proceedings under these rules."). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Application of these factors weighs in favor of dismissing this action. Petitioner has failed to prosecute this action despite the Court's clear warning that the action would be dismissed if Petitioner failed to timely pay the filing fee. And a lesser sanction is not warranted, because failing to dismiss this case would "permit th[is] action to unnecessarily languish on the Court's docket." *Webb v. Spectrum Se., LLC*, No. 2:24-CV-7-KAC-CRW, 2024 WL 4446986, at *2 (E.D. Tenn. Oct. 8, 2024). Accordingly, the Court **DISMISSES** this action without prejudice under Rule 41(b).

Because the Court's Order is final, it must consider whether to issue a certificate of appealability ("COA") should Petitioner file a notice of appeal. *See* 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" on any claim rejected on its merits, which a petitioner can do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. As jurists of reason

would not debate the Court's assessment that this action is properly dismissed under Rule 41(b), a **COA WILL NOT ISSUE**.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24(a). Therefore, should Petitioner file a notice of appeal, he will be **DENIED** leave to appeal *in forma pauperis*. *See id*.

**AN APPROPRIATE JUDGMENT ORDER SHALL ENTER.**

**SO ORDERED.**

/s/*Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**